**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, | CIVIL ACTION |
| Plaintiffs, | Case No. |
| v. | |
| CITY WIDE INSULATION OF MADISON, INC. d/b/a ALPINE INSULATION | |
| Defendant. | |

## C O M P L A I N T

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of Whitfield McGann & Ketterman, complaining of the Defendant, City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Supplemental Retirement Fund and the Chicago Regional Council of

Carpenters Apprentice and Trainee Program ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

4. The Collective Bargaining Agreement also binds City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to

complete an audit of Defendant's books and records for the period January 2012 through December 2012, after demand for audit was made upon City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation. The amounts resulting from the preliminary audit of the books and records reflect that $229,118.39 is the minimal amount of contributions owed to the Trust Funds as a consequence of this breach based on the records already submitted by City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

9. City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation be required to provide access to its records within ten (10)

3

days for the period of January 2012 through December 2012, so that the audit can be completed.

B. That Defendant City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation be ordered to pay all contributions shown to be due upon completion of the audit.

C. That Defendant City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

D. That Defendant City Wide Insulation of Madison, Inc. d/b/a Alpine Insulation be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

                Respectfully Submitted,

                CHICAGO REGIONAL COUNCIL PENSION FUND et al.

                    s/Travis J. Ketterman
By: _____
                    TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
January 26, 2016